Garry, J.
(concurring). We fully concur with the analysis relative to the constitutional infirmities in this record. We write separately to emphasize that review of the record as a whole reveals “irrationality bordering on impropriety,” a degree of arbitrary and capricious conduct permitting judicial intervention (see Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citations omitted]).
*41 Although judicial review is strictly and exceptionally limited relative to the scope and degree of analysis, respondent Board of Parole is required to review and consider certain statutory factors (see Executive Law § 259-i; Matter of Dolan v New York State Bd. of Parole, 122 AD3d 1058, 1059 [2014], lv denied 24 NY3d 915 [2015]; Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268, 1269 [2014]; see also Matter of Montane v Evans, 116 AD3d 197, 204-206 [2014, Garry, J., concurring], appeal dismissed 24 NY3d 1052 [2014]). Among these statutory factors, petitioner would be subject to immediate deportation upon release from incarceration. Documentation in the record reveals that his country of origin is fully ready to receive him, with legal and other services available, and family support awaiting. Further, petitioner has consistently demonstrated exemplary conduct within the prison setting. He has a minimal disciplinary history, having not been charged with any offense of any nature since 2000; he has never been charged with an infraction involving either violence or drug use in the entire course of his incarceration, from 1979 at age 18 through his hearing at age 54. He has an excellent history of program participation and appears to have pursued every available opportunity within the prison setting to develop himself, with respect to skills as well as insight and maturity.
Petitioner has expressed remorse for his conduct. The record is replete with recommendations from a wide variety of individuals who are apparently fully aware of the gravity and heinous nature of petitioner’s criminal conduct, but nonetheless assert, based upon their experience and observations, that petitioner has been rehabilitated during the course of his lengthy confinement. Considering the record as a whole, together with the substantial constitutional issues discussed in the opinion of our colleague, we find that judicial intervention is required here. We further agree that the portion of Supreme Court’s determination directing the adoption of a specific future procedure by the Board must be reversed (see Matter of Hawthorne v Stanford, 135 AD3d 1036, 1041-1042 [2016]). Accordingly, we join in the opinion modifying the judgment, without reservation.